71                    1821
Supreme Court.

*John Scott*
   *ads.*
*John M<sup>c</sup>Donell*

Assgt. of Errors.
          J. D. Doty. Atty.

Filed in Court
Sept 18th 1822
              MELVIN DORR
              Clerk

SUPREME COURT.

*John Scott*
    *ads.*
*John M<sup>c</sup>Donell*

And the said John Scott by James D. Doty his Attorney comes and Says, that in the record and proceedings aforesaid, by and before James Abbott Esq<sup>r</sup> one of the Justices of the Peace aforesaid, and also in giving the judgment aforesaid, there is manifest error in this, to wit:

That the said suit was adjourned several times by the said justice, *on motion*, without any affidavit of the absence of a material witness &<sup>c</sup>, contrary to the statute.

That the *venire facias* by virtue of which the jury was summoned who tried the issue joined in this cause, was not issued on the demand of either of the parties; and that the said *venire* was not in form equivalent to the form prescribed by the Statute.

That a certificate, made and Signed by the plaintiff aforesaid, the said justice decided was legal evidence of the Said plaintiffs demand upon which the said action was instituted, and permitted by him to go to the jury as Such, although it was at the time objected to by the defendant.

That oral testimony, to prove a fact which should have been proved by record, was admitted by said justice on said trial, as legal evidence.

That the Statement of the said justice, and also hearsay evidence, to prove that the Said plaintiff was a justice of the Peace on the day the said action accrued, were permitted to go to the Said jury as legal evidence, although objected to by the defendant.

That the said plaintiff had no right to demand fees of the said defendant on the Complaint mentioned in the proceedings aforesaid, because it did not appear that on said Complaint, the person complained of was *discharged* or *tried* and *acquitted;* no evidence having been given on the said trial as to either of these facts.

That the act by virtue of which the said plaintiff as a Justice of the Peace on the complaint aforesaid claimed and demanded fees of the said Scott, to wit, an act passed the 16th day of September 1810, was repealed by a Subsequent act long before said complaint was made before said plaintiff.

That a constable was not sworn to attend the jury when they retired to consult of their verdict.

That the verdict of the jury was for a larger sum than the plaintiff demanded of the defendant in his Said action.

That there is a variance between the verdict and the judgment.

That in the bill of costs in this suit the Said Justice taxed against the said defendant to the Constable for *the service of three venire's*, and to himself fees for *issuing* the same, and also fees to himself for entering *four* continuances or adjournments: And farther the said plaintiff's and defendant's costs are taxed entire against the said defendant, and compose a part of the judgment aforesaid:

There is also error in this, to wit, that by the record & return aforesaid it appears that the judgment aforesaid, in form aforesaid given, was given for the said McDonell against the said Scott, whereas by the law of the land said judgment ought to have been given for the said Scott against the said McDonell.

And the said John Scott prays that the judgment aforesaid for the errors aforesaid, and other errors in the record and proceedings aforesaid, to be designated and shown on the argument hereof, May be reversed, annulled and altogether held for nothing, and that he may be restored to all things which he hath lost, by occasion of the Said judgment, &$^{c}$

J. D. Doty, Atty for Said Scott.

[In the handwriting of James Duane Doty]